Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@marcuszelman.com
*Pro Hac Vice Application to be File*

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WAYNE WHITMORE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>COLLECTION BUREAU, INC., and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number: 1:17-cv-358<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT** |

## DEMAND FOR TRIAL BY JURY

Plaintiff WAYNE WHITMORE (hereinafter, "Plaintiff"), an Idaho resident, brings this class action complaint by and through his attorneys, Ballard Law, PLLC and Marcus & Zelman, LLC, against Defendants COLLECTION BUREAU, INC. (hereinafter "Defendant") and JOHN

1

DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Idaho consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Idaho, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant, Collection Bureau, Inc., is a collection agency with its registered agent, Mark L. Clark, located at 719 1st Street South, Nampa, Idaho 83651.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. Class A consists of (a) all individuals with addresses in the State of Idaho (b) to whom Defendant (c) sent a collection letter in an attempt to collect a debt for Interpath Laboratory (d) which letters stated "Online payments are subject to a convenience fee of 3% that will be added to your payment" and/or "A convenience fee of 3% will be added to all payments made by debit or credit card" (e) where the underlying agreement does not expressly authorize a convenience fee of 3% (f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e and 1692f.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

17. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e and 1692f..

    (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members.

> The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.
>
> (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.
>
> (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

22. Some time prior to September 6, 2016, an obligation was allegedly incurred to Interpath Laboratory.

23. The alleged Interpath Laboratory obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Interpath Laboratory is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. Defendant contends that the Interpath Laboratory debt is past due.

26. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

27. Upon information and belief, within the last year the Defendant began a collection campaign against the Plaintiff in an attempt to collect an alleged "debt" as defined by 15 U.S.C. 1692a(5).

28. On or about September 6, 2016 the Defendant sent the Plaintiff a collection letter. *See* **Exhibit A.**

29. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

30. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

31. The September 6, 2016 letter to the Plaintiff was sent in an attempt to collect a consumer

6

debt.

32. The Letter further stated:

> "Online payments are subject to a convenience fee of 3% that will be added to your payment."

33. Upon information and belief, the Defendant has no legal or contractual right to charge a convenience fee of 3% for online payments.

34. The Letter further stated:

> "A convenience fee of 3% will be added to all payments made by debit or credit card."

35. Upon information and belief, the Defendant has no legal or contractual right to charge a convenience fee of 3% for payments made by debit or credit card.

36. By charging the Plaintiff a fee that they were not entitled to, Defendant harmed the Plaintiff.

37. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### U.S.C. §1692e *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40. Pursuant to 1692e, a debt collector may not use any false, deceptive or misleading representation in connection with the collection of a debt.

41. The Defendant violated said section by:

    - Falsely representing the character, amount, or legal status of the debt in violation of 1692e(2);

    - Threatening to take action that cannot legally be taken in violation of 1692e(5);

    - Using false representation or deceptive means to collect or attempt to collect a debt in violation of 1692(10).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f(1).

45. Pursuant to 15 USC §1692f(1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of

any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

46. Defendants violated said section by charging a fee not expressly authorized by the agreement creating the debt or permitted by law.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Ryan A. Ballard, Esq., Ari Marcus, Esq., and Yitzchak Zelman, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 1, 2017

        /s/ Ryan A. Ballard
        Ryan Ballard, ISBN 9017
        Ballard Law, PLLC
        P.O. Box 38
        Rexburg, ID 83440
        (208) 359-5532
        ryanballardlaw@gmail.com


        /s/ Yitzchak Zelman, Esq.
        Yitzchak Zelman, Esq.
        MARCUS & ZELMAN, LLC
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712
        (732) 695-3282 telephone
        (732) 298-6256 facsimile
        yzelman@marcuszelman.com
        Attorneys for Plaintiff
        *Pro Hac Vice Application to be Filed*